## WATTS v. THE STATE.

EVANS, J. There being no merit in the contention of the plaintiff in error that the evidence did not warrant a finding that he actually did, as charged in the indictment, point and aim a pistol at another; and there being no complaint that any error of law was committed at the trial, no reason appears why the judgment overruling his motion for a new trial should be set aside.

*Judgment affirmed. All the Justices concur.*

Submitted November 22,—Decided December 9, 1904.

Indictment for pointing pistol. Before Judge Roberts. Wilcox superior court. September 28, 1904.

*D. B. Nicholson* and *Martin Cannon,* for plaintiff in error.
*John F. DeLacy, solicitor-general,* contra.

## MEADOWS v. THE STATE.

SIMMONS, C. J.    1. Where a merchant gives away whisky to his customers, it is a question of fact for the jury whether he does so for the purpose of inducing trade, in violation of the Political Code, § 1548. Such a violation is made penal by the Penal Code, § 451.

2. Under the evidence in the county court the jury could fairly have found that the whisky was given away by the accused to his customers to induce trade at his place of business, and the judge of the superior court did not err in refusing, upon certiorari, to set the verdict aside.

*Judgment affirmed. All the Justices concur.*

Submitted November 22,— Decided December 9, 1904.

Indictment for giving liquor to induce trade. Before Judge Holden.    Hancock superior court.        September 29, 1904.

*R. H. Lewis,* for plaintiff in error.
*D. W. Meadow, solicitor-general,* contra.